UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY GLEASON,

    Petitioner,

v.

M. BOBBALA, et al.,

    Respondents.

No. 2:20-cv-00406 GGH P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding in pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

Petitioner is currently confined in California State Prison, located in Sacramento County. Petitioner has labeled his petition as a "petition for writ of habeas corpus; Rule 69. Fed. R. Civ. P. to the District Court Judge Assigned to this case." ECF No. 1 at 1. In the petition, petitioner indicates "this is NOT a petition regarding criminal conviction 3/18/2016, this is a request for relief under Rule 69 Fed. R. Civ. P. Judgment Procedure[.] [A] money judgment is enforced by writ, of execution unless the court directs otherwise." Id. at 4. It appears petitioner seeks to expedite the screening process of his currently pending §1983 civil rights action in Gleason v.

1

Lindquist, et al., 2:19-cv-01203-AC through a habeas petition. ECF No. 1 at 1, 4.

A federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition has been brought "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). It is apparent from the petition, and petitioner's own admissions, that he does not seek to challenge the duration or legality of his confinement. Instead, petition seeks to enforce an alleged money judgment in federal court by way of Fed. R. Civ. P. 69. However, a writ of habeas corpus is not the appropriate vehicle for such relief. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. Accordingly, this petition should be dismissed for failure to state a cognizable federal claim.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign this case to a district judge.

Further, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (ECF No. 1) be summarily DISMISSED for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: March 2, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE